Opinion by JOHNSON, J. In accordance with stipulation of counsel that the merchandise consists of face brick similar in all material respects to that the subject of *Bunker Hill Brick & Supply, Inc., et al.* v. *United States* (46 Cust. Ct. 95, C.D. 2240),the claim of the plaintiff was sustained.

No. 66812.—Maher & Company v. United States, protest 58/13984–15186 (New Orleans).

Opinion by JOHNSON, J. In accordance with stipulation of counsel that the merchandise consists of plastic artificial teeth similar in all material respects to those the subject of *Air Express Int'l Agency, Inc., et al.* v. *United States* (46 Cust. Ct. 163, C.D. 2251), the claim of the plaintiff was sustained.

No. 66813.—Ephron Gallery v. United States, protest 61/1055 (New York).

Opinion by DONLON, J. In accordance with oral stipulation of counsel that the merchandise consists of artistic antiquities and that the regulations have now been complied with, the claim of the plaintiff was sustained.

No. 66814.—C. S. Emery & Company v. United States, protests 59/31502, etc. (St. Albans).

Opinion by DONLON, J. In accordance with stipulation of counsel that the merchandise consists of decharacterized horsemeat, fresh, chilled, or frozen, similar in all material respects to that the subject of Abstract 66254, the claim of the plaintiff was sustained.

No. 66815.—The Best Foods, Inc. v. United States, protest 269341–KS (Laredo).

Opinion by DONLON, J. In accordance with stipulation of counsel that the merchandise and issues are similar in all material respects to those involved in *United States* v. *The Best Foods, Inc.* (47 C.C.P.A. 163, C.A.D. 751), the claim of the plaintiff was sustained.

No. 66816.—Balfour, Guthrie & Co., Ltd., and James Loudon & Co., Inc., et al. v. United States, protests 287264–KS, etc. (Los Angeles).

Opinion by DONLON, J. In accordance with stipulation of counsel that the merchandise and issues are similar in all material respects to those involved in *United States* v. *The Best Foods, Inc.* (47 C.C.P.A. 163, C.A.D. 751), the claim of the plaintiffs was sustained.

**No. 66817.**—Murbas Trading & Co. and John Sexton & Co., protests 60/7011 and 60/5099 (New York).

Opinion by RICHARDSON, J. In accordance with stipulation of counsel that the merchandise is the same in all material respects as that involved in *Dalton Cooper, Inc., et al.* v. *United States* (41 Cust. Ct. 271, C.D. 2051), the claim of the plaintiffs was sustained.

DONLON, J., dissented for the reasons set forth in her dissenting opinion in C.D. 2051, *supra*.

**No. 66818.**—Murbas Trading Co. et al. v. United States, protests 60/11811, etc. (New York).

Opinion by RICHARDSON, J. In accordance with stipulation of counsel that the merchandise is the same in all material respects as that involved in *Dalton Cooper, Inc., et al.* v. *United States* (41 Cust. Ct. 271, C.D. 2051), the claim of the plaintiffs was sustained.

DONLON, J., dissented for the reasons set forth in her dissenting opinion in C.D. 2051, *supra*.

BEFORE THE SECOND DIVISION, MAY 31, 1962

**No. 66819.**—G. Joannou Cycle Co., Inc., et al. v. United States, protests 61/3753, etc. (New York).

Opinion by LAWRENCE, J. In accordance with stipulation of counsel that the merchandise consists of bicycle horns similar in all material respects to those the subject of *G. Joannou Cycle Co., Inc.* v. *United States* (46 Cust. Ct. 172, C.D. 2253), the claim of the plaintiffs was sustained.

**No. 66820.**—J. J. Newberry Co. v. United States, protest 61/12872 (New York).